[No. 38432. Department One. April 28, 1966.]

ROUNDUP TAVERN, INC., *Respondent*, v. MABEL PARDINI, *Appellant.**

*Gess & Hurson* and *Leavy & Taber*, by *James Leavy*, for appellant.

*Horton & Wilkins*, by *John A. Wilkins*, for respondent.

*Reported in 413 P.2d 820.

HUNTER, J.—Fred Pardini and his wife, defendants (appellants), were the owners and lessors of certain business property in the tri-city area of Benton County. On September 28, 1959, the property was leased to three individuals for a term of 5 years commencing November 1, 1959, with an option to renew. The controversy in this case concerns the application of the following provision contained in the lease:

It is now agreed that the lessees shall not assign said lease nor sub-let the premises or any part thereof without the prior written consent of the lessors, provided that the lessors shall not unreasonably withhold consent; . . . .

On September 30, 1960, the lessees assigned their lease to Tri-Mart, Inc., a Washington corporation, which operated a retail store on the premises. This first assignment was expressly permitted by the lease. On June 14, 1961, the original lease was amended to provide a renewal for 10 years from October 31, 1964.

On January 31, 1964, Tri-Mart, Inc., assigned the lease to plaintiff (respondent), Roundup Tavern, Inc., subject to the approval of the State Liquor Control Board. The defendants refused to consent to the assignment, and this action was instituted to require the defendants to acknowledge the plaintiff as the lessee or in the alternative to require the defendants to consent to the assignment of the lease.

The trial court found that consent to the assignment from Tri-Mart, Inc., to the plaintiff was unreasonably withheld by the defendants; that consent to the assignment was therefore not necessary; and that the defendants be required to acknowledge the plaintiff as the rightful lessee. The trial court also found that it was not necessary for the plaintiff to obtain consent for the remodeling of the premises for the reason that the defendants had waived any right to object to the alterations. Judgment was entered accordingly. Defendants appeal. (Subsequent to the institution of this appeal the defendant Fred Pardini died and Mabel Pardini was substituted as a party-defendant and personal representative for Fred Pardini, deceased, in pursuance of Rule on Appeal 21, RCW vol. 0.)

The defendants first contend that consent to the assignment was not unreasonably withheld because there was no showing that the plaintiff was financially qualified as a lessee, and that it was detrimental to the leasehold to have the operation of a retail business converted to the operation of a tavern.

The trial court found that the only basis upon which the defendants withheld their consent was their objection to the operation of a tavern business upon the premises, without giving any consideration to the financial stability of the proposed assignees; that there was no restriction in the lease as to the nature of the business to be operated on the leased premises; that the plaintiff made all reasonable efforts in order to obtain consent from the defendants; that the defendants refused to consider the plans and specifications required by the Liquor Control Board and discuss any terms that would have been appropriate in connection with any consent to the assignment; and that, on the other hand, the defendants affirmatively attempted to prevent the Liquor Control Board from giving its approval to the transfer of the leased premises to the plaintiff.

We are satisfied that the record clearly supports the above findings of the trial court, which we will not disturb. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959). On the basis of these findings the trial court properly concluded that the giving of consent to the assignment of the lease from Tri-Mart, Inc., to Roundup Tavern, Inc., was unreasonably withheld by the defendants. The order directing the lessor-defendants to acknowledge the plaintiff as the rightful lessee was properly entered.

The defendants further contend that the trial court erred in entering judgment stating that the plaintiff had no obligation to obtain consent from the defendants for their approval of the alterations, as set forth in the plans and specifications and drawings on file with the Liquor Control Board, for the reason that this was a new issue interposed in the case which was not within the pleadings. The plaintiff admits it was not an issue in the pleadings, but contends that it was opened up by the defendants on cross-examination.

From our examination of the record we are satisfied that the issue of obtaining consent to the alterations was not in the case irrespective of the defendants' cross-examination. The trial court specifically found that the defendants refused to consider the plans and specifications for alterations. The withholding of consent to the assignment was therefore unrelated to the plans for alterations. It was not then necessary for the trial court in passing upon the issue of unreasonableness of the defendants' withholding consent to the assignment, to make a further determination in regard to alterations. This was a matter to be resolved between the lessor-defendants and the plaintiff as the new lessee, in an appropriate proceeding, in the event of their inability to resolve this issue between themselves.

The judgment of the trial court requiring that the defendants acknowledge the plaintiff as the lessee is affirmed.

The judgment of the trial court is reversed as to the determination that the defendants' approval was not required in regard to alterations; provided, however, that this is without prejudice for such a determination to be made, if necessary, in an appropriate proceeding.

The plaintiff has interposed a motion for a dismissal of this appeal, which we have considered and find to be without merit. The motion is therefore denied.

The parties will bear their own costs on this appeal.

ROSELLINI, C. J., DONWORTH and HALE, JJ., and BARNETT, J. Pro Tem., concur.